IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD RIGHETTI, an individual, | No. C 03-780 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS SALINAS VALLEY STATE PRISON, et al., | |
| Defendants. | |

This matter comes before the Court on The Farley Law Firm's Motion to Withdraw as legal counsel for Plaintiff Gerald Righetti.

**BACKGROUND**

On September 24, 2003, Plaintiff filed a complaint for injunctive and monetary relief, based on Eighth Amendment and statutory violations which were alleged to have occurred at the Correctional Treatment Center at Salinas Valley State Prison (SVSP), where he is incarcerated. Farley Decl. at ¶ 3. On November 1, 2004, in a settlement conference before Magistrate Judge Zimmerman, the parties reached an apparent settlement. Defendants agreed to provide Plaintiff with certain minimum standards of necessary and prescribed health care, and nominal monetary compensation. *Id*. at ¶ 4. Righetti is a quadraplegic.

However, when Defendants sent Plaintiff a written settlement agreement, it became clear to Plaintiff that the parties had differing understandings and expectations regarding certain terms of the settlement. *Id*. at ¶ 5. At some point between November 2004 and January 2005, Plaintiff was told

by SVSP staff members that, even if a written agreement was reached, SVSP did not intend to abide by its terms; Plaintiff was told that SVSP lacked the staff capacity to provide the level of care and access agreed to during the settlement conference. The parties continued to negotiate between January and September 2005. To date, no written settlement has been executed. *Id*. at ¶¶ 8, 9. It is unclear what has transpired, if anything, since September 2005.

Plaintiff's attorney asserts that, "[a]s a result of certain differences of opinion regarding the settlement and its terms, the relationship between the Farley Law Firm and Plaintiff has significantly deteriorated. The nature of the relationship at this point-in-time is such that it is impossible for the Farley Law Firm to continue representing the interests of Plaintiff in this matter." *Id*. at ¶ 10. Mr. Farley asserts that he has, on multiple occasions, unsuccessfully attempted to meet and confer with Mr. Righetti, and that the attorney-client relationship is irreparably damaged. *Id*. at ¶ 11.

Righetti opposes his attorney's Motion to Withdraw. He states that Mr. Farley and Ms. Chrissakis, a former associate of Mr. Farley's who previously worked on this case,[1] have not attempted to meet and confer with him since the settlement conference on November 1, 2004. Righetti Decl. at ¶ 15. The Farley Law Firm will no longer accept telephone calls from him, and he has sent eleven letters and received only one response. *Id*. Righetti also states that he paid the Farley Law Firm approximately $65,000 up front, which Mr. Farley said would "cover the entire case." *Id*. at ¶ 17. According to Righetti, "since January 1, 2006 the Farley Law Firm has been negligent in its duties and obligations to the Plaintiff by failing to perform the services for which they were hired and prepaid." Memo at 6. He contends that "Mr. Farley has the skills and knowledge needed to properly pursue this case; he needs to be encouraged to properly perform the services he accepted by accepting this case and Plaintiff's money. Allowing the Farley Law Firm to withdraw would impose atypical and significant hardship on the Plaintiff due to his disabilities and being incarcerated in an isolated medical facility. Plaintiff believes the attorney-client relationship is reparable." *Id*. If the Motion to Withdraw is granted, Righetti requests that the Court appoint counsel for him.

---

[1] Ms. Chrissakis is no longer employed by the Farley Law Firm. Farley Decl. at ¶ 2.

2

**LEGAL STANDARD**

Civil Local Rule 11-5(a) permits an attorney to withdraw as counsel of record only with leave of the court. Permission to withdraw is discretionary. *See, e.g., Washington v. Sherwin Real Estate*, 694 F.2d 1081, 1087 (7th Cir. 1982). Under Local Rule 11-5(b), leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se*.

Federal Courts generally look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. *See* Schwarzer, *California Practice Guide, Federal Civil Procedure Before Trial* at 12:192. Rule 3-700 of the California Rules of Professional Conduct provides that counsel may withdraw if the client renders it unreasonably difficult for counsel to carry out its employment effectively or if the client breaches an obligation as to expenses or fees. *Id.*; *see also Denney v. City of Berkeley*, 2004 WL 2648293 *3 (N.D. Cal. 2004).

The right of counsel to withdraw from pending litigation is not absolute. *Vann v. Shilleh*, 54 Cal. App. 3d 192, 197 (Ct. App. 1975). Rule 3-700(A)(2) of the California Rules of Professional Conduct states that "[An attorney] shall not withdraw from employment until the [attorney] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.* It is the duty of the trial court to see that the client's interest is protected upon withdrawal of the counsel. *See Vann*, 54 Cal. App. 3d at 197. However, when withdrawal will not result in undue prejudice to the client's interest, the law does not require continued representation. *Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 915 (Ct. App. 1994).

**ANALYSIS**

Based on the parties' representations, the Court finds that the standard for withdrawal has not been met in this case. Farley intimates that Righetti has been uncommunicative and has failed to execute a settlement agreement, but Righetti denies these allegations. Communication problems may exist by virtue of the fact that Righetti is incarcerated and severely disabled, but Mr. Farley does not assert that Righetti has unreasonably turned down settlement offers. On the contrary, it seems from Farley's Motion that responsibility for failure to finalize the settlement rests equally with Defendants,

who have apparently stated that they will not abide by a written agreement. Farley simply makes the conclusory assertion that the relationship has significantly deteriorated and that he and Righetti are "at odds with each other." Farley does not explain in greater detail what has occurred in the past year.

It is clear that allowing Farley to withdraw would significantly prejudice Righetti. Farley has been involved in the case since 2003 and, presumably, is quite familiar with the facts and legal issues. Further, Righetti will not be able to retain substitute counsel – at least in part because he apparently paid a substantial sum in advance to Farley – and will be forced to proceed *pro se* if Farley is allowed to withdraw. This will greatly reduce the chances of a final settlement being reached.

## **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED THAT The Farley Law Firm's Motion to Withdraw is DENIED.

A final settlement should have been executed in this case, given that the parties settled in principle two years ago. No future settlement conferences are scheduled at this time. Accordingly, IT IS FURTHER ORDERED THAT this case is REFERRED to Magistrate Judge Zimmerman for a settlement conference.

IT IS SO ORDERED.

Dated: 11/15/06

SAUNDRA BROWN ARMSTRONG
United States District Judge